## McMasters *et ux.* to use of Parsons *versus* Henry Wilhelm.

The assignee of a mortgage is not affected by a collateral agreement between the mortgagor and mortgagee, made at the time of the execution of the mortgage, of which he had no notice, and in a suit upon the mortgage by the assignee said agreement cannot be set up as a defence.

October 9th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1877, No. 186.

*Scire facias sur mortgage* issued by John H. McMasters and wife for use of Martha Parsons against Henry Wilhelm.

About the 12th of August 1873, McMasters and his wife conveyed to the defendant ,certain lots of ground for $4500, of which $1500 were paid in cash, and the balance $3000 secured by bond and mortgage on the premises. The mortgage was made to Mrs. McMasters, who owned the property and was then and is still a *feme covert.* On August 25th 1873, the mortgage was assigned by McMasters and his wife to Mrs. Martha Parsons. This assignment was acknowledged on the same day, and recorded on the 9th of September 1873.

The mortgage not being paid according to its terms this suit was brought, and defendant filed an affidavit of defence, which set forth that, " he has a good legal defence to at least $2000 against plaintiffs' claim, which consists in this, viz. : That he has paid $90 on account of the plaintiffs' claim, for which he has got no credit ; and further, that the mortgage sued on in this case was given for a balance due on the purchase-money of certain lots therein described, the whole purchase-money being $4500, $1500 having been in cash, and there being in all thirty-six lots. It was agreed at the time of this purchase, that in case the said defendant should desire to sell any of said lots, that the plaintiffs would release the mortgage from the lots so sold, on receiving a reasonable amount of the purchase-money, so as not to unreasonably reduce their security for the remaining part of the purchase-money. That a short time after the giving of the mortgage defendant sold thirteen of the least valuable of the lots to one F. P. Pingen, and offered to pay plaintiffs $1000 on account of the said mortgage, and requested them to release the lien of the mortgage from the thirteen lots so sold, as they by agreement were bound to do, and which they refused to do, by reason whereof this defendant was sued by said Pingen for not making good title to the lots so sold him, and a recovery of $1500 was had against this defendant. The defendant further says, that the twenty-three lots remaining unsold, were ample security for the remaining $2000 due on said mortgage, and constituted more than three-fourths in value of the entire purchase. By reason of the

[McMasters *v.* Wilhelm.]

failure of plaintiffs to release the said thirteen lots as requested, defendant believes he has sustained, in addition to the damage of Pingen's recovery of $1500, at least $500 and upwards, and in all at least $2000."

Plaintiffs tendered credit for the $90 which defendant claimed to have paid, and entered a rule for judgment for the balance for want of a sufficient affidavit of defence.

The court considered the affidavit sufficient and discharged the rule, to which judgment this writ was taken.

*George W. Guthrie*, for plaintiffs in error.—The affidavit of defence neither denies the execution of the mortgage nor alleges its payment. The only defence is a claim for set-off for damages sustained by breach of a collateral agreement between defendant and the original mortgagee, a married woman, to which there is no pretence that the equitable plaintiff was a party. The assignee did not take subject to any collateral agreement between the original parties to the mortgage. See Davis *v.* Barr, 9 S. & R. 137, and Commonwealth *v.* Councils of Pittsburgh, 10 Casey 496. It is not claimed that the assignee had notice of the agreement at the time of the assignment or that there was any breach of it at that time. Nor does the affidavit allege fraud, accident or mistake.

*Robert Robb*, for defendant in error.—The assignee of a mortgage takes it subject to existing equities between the mortgagor and mortgagee. The defence arises out of a breach of a concurrent agreement made at the same time with the execution of the mortgage between the same parties, and constitutes a part of the same transaction, and the performance of which on the part of McMasters and his wife formed part of the condition of purchase.

Mr. Justice WOODWARD delivered the opinion of the court, November 5th 1877.

It was alleged in the affidavit of defence that the mortgage in suit was given for part of the purchase-money for thirty-six lots of land bought of the plaintiffs by the defendant; that at the time of the purchase, it was agreed that the plaintiffs should release the lien of the mortgage from any lots the defendant should sell, on receiving a reasonable amount of the purchase-money, so as not unreasonably to reduce the security for the sum unpaid; that a short time afterwards, the defendant sold thirteen lots, and offered to pay the plaintiffs one thousand dollars upon receiving a release of the lien on those lots; that the plaintiffs refused to execute the release, in consequence of which the purchaser brought suit against the defendant for damages, and recovered against him the sum of fifteen hundred dollars; and that the twenty-three lots remaining unsold were ample security for the amount that would be still due

[McMasters *v.* Wilhelm.]

on the mortgage.   It appears by the record that the mortgage was assigned to. Mrs. Parsons on the 25th of August 1873, thirteen days after its execution.   The assignment was acknowledged on the day of its date, and was recorded on the 9th of September. The affidavit of defence did not assert that the sale of the thirteen lots was prior to the date of the assignment, nor did it set out any facts showing or tending to show that the parol agreement was anything more than a purely collateral and subordinate understanding; that it had formed the inducement or even a motive for the completion of the original contract; or that it had been omitted from the mortgage by fraud, accident or mistake.   There was no pretence that the assignee had actual notice of the agreement, and as there had been no breach of it when the assignment was executed, its existence could not impair or affect her rights under the expressed terms of the mortgage.   As in Davis *v.* Barr, 9 S. & R. 137, this agreement in no respect related to the validity of the instrument assigned, to the existence of the debt it secured, or to the amount of it that was due.   It was held, in The Commonwealth *v.* The Councils of Pittsburgh, 10 Casey, 496, that a secret equity or an agreement merely collateral could not be asserted by the obligor in a bond against a holder without notice.   This was a collateral contract enforceable perhaps between the parties to it, but it created no equity attaching to the mortgage in regard to which it was the duty of the assignee to inquire.

No difficulty can arise in adjusting the claim for a credit of ninety dollars made in the affidavit of defence.   When the rule for judgment was applied for, the plaintiffs offered to allow it, and it was not objected to at the argument.   The prothonotary will deduct it in liquidating the amount due on the mortgage.

> The order of the Court of Common Pleas is reversed, and it is now ordered and adjudged that the rule to show cause why judgment should not be entered for the plaintiffs for want of a sufficient affidavit of defence be made absolute.