## Ritter, Appellant, *v.* Thomasky.

*Mortgage—Assignment of mortgage—Equities between original parties—Duties of assignee to inquire.*

It is a general rule of law that the assignee of a mortgage takes it subject to all the equities and set-offs existing between the original parties, and it is customary in such assignments to secure from the mortgagor a certificate of no defense. To bring a case within an exception to this general rule, viz: the assignee does not take it subject to equities or set-offs that arise from or grow out of an

agreement or contract that is merely collateral to the mortgage, it must be made to appear that such agreement is in addition to the mortgage contract, and in no wise a part of the undertaking expressed in the mortgage. If it appears that this agreement forms a part of the consideration that was the foundation of the mortgage, it would not come within the exception.

The assignee of a mortgage takes the same subject to a parol agreement on the part of the mortgagee to deliver certain personal property, and make repairs upon buildings on a farm covered by the mortgage, where such agreement, though to be executed in part after the date of the mortgage, was a part of the mortgage consideration.

On a scire facias on such a mortgage, the mortgagor may set up against the assignee the failure of the mortgagee, to perform the parol agreement, and this is the case although the scire facias was not issued for three or four years after failure of performance on the part of the mortgagee.

Argued Oct. 7, 1918. Appeal, No. 4, March T., 1918, by plaintiff, from judgment of C. P. Columbia Co., Feb. T., 1915, No. 24, on verdict for defendant in case of James R. Ritter, assignee of L. C. Mensch, who was assignee of C. B. Noetling, v. Mary Ann Thomasky, Executrix of John Thomasky, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Scire facias sur mortgage. Before EVANS, P. J.

The court charged in part as follows:

[If you find as a fact that for the consideration of three thousand dollars named in the deed C. B. Noetling was not only to convey the farm, but in addition thereto was to make certain repairs to the buildings, viz: put new roofs on the barn and house and deliver certain personal property to Thomasky on the farm mentioned in the bill of sale, and that he failed to do either, that is, make the repairs or deliver the personal property, and that Thomasky because of such failure was damaged, such damages would be set off against the amount claimed on the mortgage.] (2) Did Noetling, the mortgagee, agree to make the repairs to the buildings and de-

liver the personal property on the farm as claimed by the defendant?

Mr. Nowakoski and Mrs. Thomasky both testified that he did, and that he failed to do either.   Their evidence, gentlemen, is not contradicted.

Frank Pursell testified that the team of horses agreed to be delivered on the farm, were worth four hundred and fifty dollars.   If we recollect his evidence correctly, or if we understand him correctly, he bought the team for that price.   Take your recollection for that fact, however, not the Court's.

Daniel Bankus testified that he knew the horses, the team of farm horses, and they were worth from four hundred to five hundred dollars.

W. A. Dreisbach, a witness called on the part of the defendant, a carpenter residing at Mountain Grove, testified that to make the repairs to the buildings contemplated by the agreement, would cost five hundred and eighty dollars.

[Therefore, if you find as a fact, that Thomasky sustained damages to an amount in excess of the amount claimed on the mortgage by Ritter because of Noetling's failure to make the repairs to the buildings and to deliver the personal property mentioned in the bill of sale, such damages would be a set-off against the amount claimed, and your verdict should be for the defendant, providing such damages exceed the amount claimed on the mortgage.]   (3)

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (2, 3) above instructions quoting them.

*Fred Ikeler,* with him *Christian A. Small* and *John A. Beard,* for appellant.—The assignee does not take subject to equities or set-offs that arise from or grow out of an agreement or contract that is merely collateral to the

mortgage contract: McMasters v. Wilhelm, 85 Pa. 218; Scott v. Hough, 151 Pa. 630; Davis v. Barr, 9 S. & R. 136.

Thomasky must suffer this loss, because his confidence imposed in Noetling made possible the fraud: Jeffers v. Gill, 91 Pa. 290; Penna. R. R. Co.'s App., 86 Pa. 80; Stevenson v. Henning, 34 Pa. Superior Ct. 184.

The alleged agreement was only a promise to be performed in the future: Grove v. Hodges, 55 Pa. 504; Lowry Nat. Bank v. Hazard, 223 Pa. 520; Murphey v. Greybill, 34 Pa. Superior Ct. 346; Philadelphia & Gulf Steamship Co. v. Pechin, 61 Pa. Superior Ct. 401; Guarantee Co. v. Mayer, 141 Pa. 511.

Plaintiff was guilty of laches: Wetherill's App., 3 Grant 281.

*W. H. Rhawn,* with him *G. W. Moon,* for appellee.— The true consideration of an instrument may always be shown: Mackey v. Brownfeld, 13 S. & R. 239; Peterson v. Willing, 3 Dallas 506; Frants v. Brown, 17 S. & R. 287.

The rule that where one of two innocent parties must suffer, he should bear the loss whose act or neglect caused the suffering, has no application to the case at bar: Robb v. Pa. Co. for Ins. on Lives, Etc., 3 Pa. Superior Ct. 254; Sellers v. Benner, 94 Pa. 207.

Since James R. Ritter failed to make inquiry of the executrix of the mortgagor, there must be imputed to him, at least, constructive knowledge of the mortgagee's failure to keep and perform the contract·he made with the mortgagor: Sellers v. Benner, 94 Pa. 207; Earnest v. Hoskins, 100 Pa. 551. Faull v. Tinsman, 36 Pa. 108; Penna. R. R. Co.'s App., 86 Pa. 80; Stevenson v. Henning, 34 Pa. Superior Ct. 184.

There was no laches on the part of the mortgagor and his executrix in setting up the defense of failure of consideration and set-off: Earnest v. Hoskins, 100 Pa. 551; Evans' App., 81 Pa. 278.

OPINION BY KEPHART, J., December 12, 1918:

It is a general rule of law that the assignee of a mortgage takes it subject to all the equities and set-offs existing between the original parties, and it is customary in such assignments to secure from the mortgagor a certificate of no defense. To bring a case within an exception to this general rule, viz: the assignee does not take it subject to equities or set-offs that arise from or grow out of an agreement or contract that is merely collateral to the mortgage, it must be made to appear that such agreement is in addition to the mortgage contract, and in no wise a part of the undertaking expressed in the mortgage. If it appears that this agreement forms a part of the consideration that was the foundation of the mortgage, it would not come within the exception.

Thomasky, the mortgagor, purchased for $3,000 from the mortgagee, a farm and some personal property and at the same time the mortgagee promised to put new roofs on the barn and house. This was the finding of the jury upon a proper submission by the learned trial judge. Thomasky paid $1,700 in cash, gave a note for $300 and a mortgage for $1,000. This suit is on the mortgage. It represented a part of the total purchase-price as expressed in the entire contract of sale. There was no attempt to separate the farm, personal property and repair values in respect to the total purchase-price, or the cash and securities given. Possession of the farm was taken and the mortgagee promised to place a new roof on the house and barn, and promised to deliver the personal property purchased, for which he had given a bill of sale. Placing the roof on the house and barn and the value and delivery of the personal property helped make up the contract price; they were a part of the consideration for the mortgage contract. These agreements, though to be executed in part after the mortgage had been executed, were not collateral to it, but they were a part of the mortgage consideration. The mortgagee failed to put a roof on the house and barn and failed to

deliver the personal property. When a scire facias was issued on the mortgage it was proper for the mortgagor to set up in defense this failure of consideration. It was the duty of the assignee of the mortgage to inquire if there was any defense to be made to the mortgage. It was not the duty of the mortgagor, who knew nothing of the transfer of the mortgage, to seek the assignee and inform him of his defense; nor was the execution and delivery of the mortgage before the property was secured and the work done, placing into the hands of the mortgagee an instrument that could be fraudulently used and cause the mortgagor without neglect to be responsible to an innocent party who secured it. It is not an uncommon occurrence to pay or give security in advance. The error comes when payment is made by an instrument placed in course that may be taken by innocent parties for value received with no duty to inquire as to any defense. But mortgages are not of such character. It was the duty of the assignee to inquire. Having failed to do so, it is difficult to see how the case may be brought within the rule laid down in Jeffers v. Gill, 91 Pa. 290. It was there said that a certificate of no defense had been executed by the mortgagor. Nor do we consider the agreement to put a roof on the house and barn such a promise to be performed in the future as would not be enforceable. It was capable of being reduced to an exact money value. It was a part of the consideration for transfer and went into the farm value as the building and barn did. That the work itself was to be done in the future was not material. When it was not done, it was such a default in law as would have enabled the mortgagor to sustain a defense of failure of consideration. We are not impressed with the allegation of laches. A scire facias was not issued for three or four years. As long as the assignee of the mortgage remained inactive, the mortgagor should not complain. When he refused to pay, the holder of the mortgage must have known there was some reason for it.

615, (1918).]        Opinion of the Court:

The assignments of error are dismissed and the judgment is affirmed at the cost of the appellant.