## St. Clair Savings and Trust Company, for use, *v.* Hahne, Appellant, et ux.

Argued October 6, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Julius L. Schoenberg,* with him *Wm. M. Ewing,* for appellant.

*Francis A. Wolf,* for appellees.

OPINION BY MR. JUSTICE STERN, November 23, 1942:

This is an appeal by defendant John H. Hahne from the refusal of the court below to open a judgment entered against him on a note, his claim being that his signature to the note was forged.

In 1929 Hahne and his wife Daisy M. Hahne admittedly signed two demand notes, each in the sum of $2,000, payable to their son Gerald Hahne, endorsed by the latter and discounted at plaintiff trust company. Shortly thereafter the sum of $274.31 was paid on one of the notes, leaving a balance due on both of $3,725.69. Under date of June 17, 1930, a judgment note in the latter amount, being the note now in dispute and bearing the name of Hahne and his wife as makers, was executed to the order of plaintiff company, and judgment was entered thereon the following day. In 1934 sci. fa. proceedings were begun to revive this judgment, whereupon Mrs. Hahne obtained a rule to show cause why the judgment should not be opened as to her on the ground that she was an accommodation maker and therefore, being a married woman, not liable. In her petition she stated that she *and her husband* executed this note, and that it was given in substitution for the two original notes. Her rule was made absolute. Although Hahne knew of, and participated in, the proceedings thus instituted by his wife, he took no action on his own behalf until October, 1939, after the judgment had been revived against him by default; he then obtained the present rule to open the judgment.

One cannot read the depositions without gravely suspecting that this belated attempt to challenge his signa-. ture was prompted by the fact that the note was reported, in January, 1939, as having been lost or mislaid by plaintiff company. It was recovered during the pendency of these proceedings. The only support to Hahne's denial that he signed the note is the testimony of a handwriting expert who, in most general terms, wholly unconvincing, expressed the opinion that the signature was not that of Hahne. On the other hand, not only was there testimony of a witness who—though standing at some distance—saw Hahne sign the note, and testimony of the vice-president of the trust company, who was familiar with Hahne's signature, that in his opinion the con-. tested signature was genuine, but, as already stated, Mrs. Hahne declared in her petition to open the judgment that she and her husband had executed this note. Hahne admits that his son got from the trust company the $4,000 represented by the two original notes which Hahne and his wife signed, and that he, Hahne, received these notes back from the trust company although none of the amount (except $274.31) due thereon was ever paid. It is clear beyond peradventure that the note now in question was executed by Hahne and his wife to take the place of the former notes on which he was admittedly liable.

Courts are not required to open a judgment merely because testimony offered by the defendant would, if true, constitute a defense, nor will the appellate court reverse the action of the court below in opening or refusing to open a judgment on conflicting testimony unless there has been a clear abuse of discretionary power: *Schuylkill Trust Co. v. Sobolewski*, 325 Pa. 422, 190 A. 919. Cases where forgery is alleged furnish no exception to this principle, for there is no inflexible rule requiring the court to open a judgment upon an averment of forgery: *Mutual Building & Loan Association of Shenandoah v. Walukiewicz*, 322 Pa. 240, 185 A. 648.

.It may be added that defendant's sincerity in the present case is the more open to question by reason of the fact that he waited for nine years before taking these proceedings and until the statute of limitations had run against the original notes on which he was liable.

The order of the court discharging the rule to open the judgment is affirmed.