Hickey, Assignee, v. Stern et al., Appellants.

Argued January 8, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Edwin Fischer,* for appellants.

*Herman Steerman,* for appellee.

OPINION BY MR. JUSTICE DREW, March 19, 1945:

In this scire facias sur mortgage proceeding, instituted by James A. Hickey, assignee, against Jacob and Isaac Stern, terre tenants, the learned court below entered judgment for plaintiff for want of a sufficient affidavit of defense. Defendants appealed.

A supplemental affidavit of defense was filed wherein it was averred, inter alia (as set forth in the Opinion of the court below) that there was a "breach of an alleged oral agreement between plaintiff's assignor, acting by her agent, Robert Nash, and defendant Jacob Stern, entered into six months after the mortgagee entered into possession on October 10, 1933. By this agreement, plaintiff's assignor agreed not to foreclose this mortgage, and two others owned by her, without reasonable notice to defendant Jacob Stern, 'provided he made payments on account of the taxes that were then in default, and made the necessary repairs to the property and if the mortgages were ever sold he would be given a reasonable opportunity to meet the price therefor.' He [Jacob Stern] avers that he thereafter, in accordance with his agreement, paid out of his own funds three years' taxes and several items of repairs on the property in question, and certain taxes and repairs on the other properties. He also avers that the mortgages were sold by the as-

signor to plaintiff for $2500 without notice to him, and that plaintiff has refused his offer to purchase them at the price paid by plaintiff to his assignor." There is no averment that plaintiff was anything but a bona fide purchaser without notice.

In *Ritter v. Thomasky*, 70 Pa. Superior Ct. 615, 619, it was said by KEPHART, J.: "It is a general rule of law that the assignee of a mortgage takes it subject to all the equities and set-offs existing between the original parties, and it is customary in such assignments to secure from the mortgagor a certificate of no defense. To bring a case within an exception to this general rule, viz: the assignee does not take it subject to equities or set-offs that arise from or grow out of an agreement or contract that is merely collateral to the mortgage, it must be made to appear that such agreement is in addition to the mortgage contract, and in no wise a part of the undertaking expressed in the mortgage. If it appears that this agreement forms a part of the consideration that was the foundation of the mortgage, it would not come within the exception."

From a reading of the contract here under consideration, it at once appears that it was not a part of the mortgage contract, but was an independent bargain entered into between the mortgagee-assignor and the terre tenant. It formed no part of the consideration that was the basis or foundation of the mortgage here sought to be foreclosed. Under such circumstances, plaintiff-assignee was not in duty bound to secure from the mortgagor or the terre tenant a certificate of no defense. This case, therefore, falls within the exception to the general rule, and plaintiff took the mortgage free from any obligation which may have been created by the oral agreement alleged to have been entered into by the mortgagee-assignor and the terre tenants, of which plaintiff-assignee had no knowledge. In speaking of a collateral agreement, such as we have here before us, this Court said, in *McMasters v. Wilhelm*, 85 Pa. 218, 220: "This

was a collateral contract enforceable perhaps between the parties to it, but it created no equity attaching to the mortgage in regard to which it was the duty of the assignee to inquire."

For this reason, if for no other, it was proper for the learned court below to hold that such agreement was not a valid defense.

Judgment affirmed; costs to be paid by appellants.