Berkowitz *v.* Kass, Appellant.

Argued Jan. 10, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Abraham Wernick,* for appellant.

*Edward I. Weisberg,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 18, 1945:

The question presented by this appeal is whether the court below abused its discretion in refusing to open a judgment. Upon the termination of a written lease, appellee entered judgment by confession against appellant for possession of real estate in Philadelphia. Appellant filed a petition for a rule to open judgment, alleging that the parties had entered into a subsequent oral lease. Appellee's answer denied the allegation; thereafter depositions were taken. On consideration of the depositions the court in banc discharged the rule, stating that it ". . . did not believe the evidence submitted by the defendant but believed the evidence submitted by the plaintiff . . .". Appellant contends that his evidence would support a finding in his favor if believed by a jury, and that the court had no basis for its disbelief.

Appellant has confused the controlling principles of law. Courts are not required to open judgments merely because the defendant produces evidence which, if true, would constitute a defense: *Schuylkill Trust Co. v. Sobolewski,* 325 Pa. 422, 190 A. 919; *Keystone Bank of Spangler v. Booth,* 334 Pa. 545, 6 A. 2d 417; *St. Clair S. & T. Co. v. Hahne,* 345 Pa. 420, 29 A. 2d 21. An application to open judgment is addressed to the court's sound discretion, and, on appeal, the order of the court below will only be reversed for clear abuse of discretion: *Earley's Appeal,* 90 Pa. 321; *Kelber v. Plow Co.,* 146 Pa. 485, 23 A. 335; *Augustine v. Wolf,* 215 Pa. 558, 64 A. 777; *Horn v. Witherspoon,* 327 Pa. 295, 192 A. 654;

*Perri v. Perri,* 335 Pa. 394, 6 A. 2d 775; *Kweller v. Becker,* 338 Pa. 169, 12 A. 2d 567; *St. Clair S. & T. Co. v. Hahne,* supra; *Machalicka v. Lukasevic,* 346 Pa. 487, 31 A. 2d 164; *Quaker City C. & C. Co. v. Warnock,* 347 Pa. 186, 32 A. 2d 5.

No abuse of discretion appears here. Appellant's testimony was vague and inconsistent. It was merely evidence of oral negotiations and an intention to enter into a binding written agreement in the future. He admits that a written lease was drawn as a result of the negotiations, but never executed. In such a case, the preliminary negotiations do not constitute a contract: *Upsal St. Realty Co. v. Rubin,* 326 Pa. 327, 192 A. 481; Williston on Contracts (1936 Ed.), Vol. 1, sections 28, 28 A.

The court stated that it did not believe the testimony of defendant's witnesses. Such disbelief did not have to be based on hearing them personally testify. They were cross-examined when the depositions were taken. Improbabilities and contradictions in their testimony might have justifiably caused disbelief. Indeed an independent reading of the depositions brings us to the same conclusion as that reached by the court below.

In view of the conclusion that there was no abuse of discretion by the court below, it is unnecessary to consider the point now raised by appellee that the terms of the written lease barred this appeal.

The order discharging the rule is affirmed at appellant's cost.