## Blumenfeld v. Weisberg

*D. A. Kraftsow*, for plaintiff.
*S. Feldman*, for defendant.

OLIVER, P. J., March 15, 1946.—This case is before us on petition of a property owner for leave to pay into

court the balance due on a mortgage and for an order to satisfy the mortgage.

Defendant, Esther Weisberg, formerly owned premises 1936 South Fourth Street, Philadelphia. She sold it to Samuel Mandel and wife, and accepted in part payment a purchase money mortgage in the sum of $2,500, which contained a provision "for the payment of the just sum of Twenty-five Hundred Dollars ($2500.00) lawful money as aforesaid within five years from the date hereof in monthly instalments of $25.00 each". Subsequently, the Mandels sold the property to Matilda O. Roseman, who in turn, sold it to Hymen Blumenfeld, plaintiff herein, both sales being made under and subject to the above referred to mortgage. Plaintiff, desiring to pay off the balance of the mortgage, tendered to defendant, the mortgagee, a certified check covering principal, interest and satisfaction fee, which was refused.

Plaintiff contends that the mortgage gives him the right, at his option, to pay off the balance due thereunder in one payment. Defendant contends plaintiff does not have this right and is limited to monthly payments of $25 each on account of the principal.

In support of her contention, defendant avers in her answer that she refused to sell for cash, and insisted that the purchase price, to the extent of $2,500, be paid by a purchase money mortgage in that amount, "payable within a period of five (5) years in monthly instalments of Twenty-Five Dollars ($25.00) each." That is, of course, just what she got. The question is not what she thought that language meant, but what must it be construed to mean when some subsequent purchaser of the property, without notice of any alleged understanding between defendant and the parties to whom she sold, attempts in good faith to pay off in a lump sum the full balance due under the mortgage.

In any event, in our opinion, the alleged understanding, if reached between defendant and the Mandels,

would not be binding upon the present owner of the property, as it was not incorporated in the mortgage, is not a matter of record, and was not brought to his attention at the time he purchased the property. The case of Ritter v. Thomasky, 70 Pa. Superior Ct. 615, relied upon by defendant, merely restates (page 620) the duty of an assignee of a mortgage to inquire as to the existence of any set-offs or defenses at the time he acquires it as assignee. We know of no similar duty resting upon the purchaser of real estate, subject to a mortgage, requiring him to inquire of the holder thereof as to the existence of any alleged understandings or agreements not embodied in the terms of the recorded mortgage.

When we turn to the mortgage itself, we find a definite provision for payment of the principal "within five years from the date" of the mortgage. The added provision, "in monthly instalments of $25.00 each", merely sets forth a minimum which must be paid on account of principal during the five-year period, or at least until the prior termination of the obligation by repayment in full of the balance of principal. Obviously, the written instrument cannot be interpreted as requested by defendant, as it would be impossible to pay off $2,500 "within five years" by the mere payment of $25 per month. Those payments, if made regularly, would amount only to $1,500 in that full period, leaving a balance of $1,000 for the payment of which no provision, under such interpretation, would have been made. According to defendant's views, such payment could not be made within the five years and yet the mortgage clearly and inconsistently requires that the whole principal be repaid "within" that period.

It has frequently been held that a mortgage payable within a stated period of years may be paid off, in a lump sum, at any time within that period at the option of the obligor. See Horstman v. Gerker, 49 Pa. 282, Schotte v. Meredith, 138 Pa. 165, Ladner's Real Estate Conveyancing, vol. 1, 2nd rev. ed., 1941, page 247.

And now, March 15, 1946, it is ordered that, upon payment of the sum of $2,380 into this court by Hymen Blumenfeld, plaintiff in this case, the Recorder of Deeds of Philadelphia County is hereby directed to enter satisfaction of the mortgage held by Esther Weisberg against premises 1936 South Fourth Street, Philadelphia, said mortgage being recorded at Philadelphia, in the office for recording of deeds, in Mortgage Book C. J. P., 544, page 409, etc.