Baron *v.* Bernstein, Appellant.

Argued March 26, 1954. Before HIRT, ROSS, GUN-THER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Harold M. Kominars,* with him *Maurice Pollon,* for appellant.

*Herman Bloom,* for appellee.

OPINION BY ERVIN, J., July 13, 1954:

The question presented by this appeal is whether the court below abused its discretion in refusing to open a judgment.

In November, 1949, Morton Bernstein, appellant, and Martin Baron, appellee, formed a partnership to engage in the business of selling oil and oil burners, and repairing and servicing oil burners under the firm name "Baron Co." On June 11, 1952 judgment was entered against the appellant on behalf of the appellee based on a confession of judgment contained in a promissory note dated May 15, 1950 in the amount of $1,593.50, payable two years after date. Appellant filed a petition for a rule to open judgment averring

inter alia: (1) that the note had been given as collateral security in accordance with a prior agreement between the parties to the effect that appellant would not withdraw from or terminate his association with the partnership for the period of at least two years from May 15, 1950; (2) that the appellant had performed his obligation under the agreement; (3) that there has been a complete failure of consideration; (4) that the note on record was materially altered in that certain ink-inscribed words on the face of the note at the time it was executed and delivered have been omitted. In the alternative, the appellant further averred in his petition that he did not sign the particular instrument entered of record, and that the signature appearing thereon was a forgery. The appellee denied the material allegations in the petition and in his answer averred (1) that the note was given in return for a loan from appellee to appellant; (2) that there was no material alteration of said note; and (3) that appellant has not performed the obligation of payment of the note. Depositions were taken at which time the appellant sought to amend the petition to show his admission that the signature on the note filed of record was not a forgery. After oral argument the court below dismissed the petition to open the judgment. This appeal followed.

Appellant contends the court below abused its discretion in dismissing the petition because of alternative pleading.

The court below in dismissing the petition stated that "This petition is defective and confusing. It first admits the making and delivery of the said promissory note but avers there was no consideration therefor because it was only a collateral security. Then in paragraph 10, he avers that, '. . . he did not sign the particular instrument herein entered, and that the sig-

nature appearing on the said instrument is not his, and if intended to be, is a forgery.' The Court is most emphatic in its condemnation of this untrue and dishonest petition and ordinarily would of its own motion dismiss it." Though it is apparent the averments in appellant's petition are inconsistent and conflicting there is no basis for holding that the petition is defective. Under Pa. R. C. P. 1020(c) pleading in the alternative is permissible. See *Betta v. Smith,* 368 Pa. 33, 35, 81 A. 2d 538. And in *Martin v. Wilson,* 371 Pa. 529, 534, 92 A. 2d 193, it is stated by Mr. Chief Justice HORACE STERN: "But the objection to such inconsistency in pleading has now been overcome by Pa. R. C. P. 1020(c), which provides that 'Causes of action and defenses may be pleaded in the alternative.'" Therefore, insofar as the dismissal of appellant's petition was based on the inconsistencies in the averments of his petition we do not concur in the decision of the court below.

In the opinion of the court below it is also stated ". . . we place little or no credit in the averments of his (appellant's) pleading or in his depositions." The fundamental rule governing the disposition of petitions to open confessed judgments is enunciated in *Poelcher v. Poelcher,* 366 Pa. 3, 4, 5, 76 A. 2d 222, wherein it is well stated: "An application to open a confessed judgment is addressed to the sound discretion of the court which, in the exercise thereof, is governed by equitable principles; and, on appeal, the court's dispositive order will not be reversed except for a clear abuse of discretion: see Berkowitz v. Kass, 351 Pa. 263, 264, 40 A. 2d 691, and cases there cited. A refusal to open a judgment where the defendant has produced evidence, which if true would afford a defense, is not even sufficient of itself to constitute an abuse of discretion: Berkowitz v. Kass, supra, and

cases there cited." However, it has been held that while a judgment should not be opened, as a general rule, upon defendant's oath alone where he is contradicted by the plaintiff, yet where there are corroborative circumstances, or circumstances from which inferences may be drawn corroborating the defendant, it is proper to open the judgment, and refer the question to a jury. *Deviney v. Lynch,* 372 Pa. 570, 94 A. 2d 578. In the instant case there is a clear conflict between the averments contained in the petition and those contained in the answer. However, it is noted that appellee admits the erasure of the words "For interest due on mortgage loan" which were inscribed in ink on the face of the note at the time it was executed and delivered to appellee. In itself, the admitted erasure, relating to the purpose for which the note was given, would be sufficient to justify the opening of the judgment. *Bowman v. Berkey et al.,* 259 Pa. 327, 103 A. 49. Moreover, the admitted erasure tends to corroborate the averments in appellant's petition relating to the purpose for which the note was given. Appellant averred in his petition that appellee requested assurance from the appellant that he would remain as a partner in the business for at least two years subsequent to May 15, 1950 and that as security for his promise to do so appellant agreed to give the appellee a promissory note payable in two years. According to the testimony the amount of the note was based on the amount of costs incurred by the appellee in securing a mortgage as security for loans and the interest which appellee would be required to pay thereunder as determined by the accountant for the firm. In order to reflect this purpose and the basis of computation the words "For interest due on mortgage loan" were written in ink on the face of the note. By his admitted erasure, therefore, appellee has at-

tempted to change the effect of the instrument from that of collateral security to one representing a debt. By this erasure appellee was in a better position to claim the note was given, as he contended, for a debt owed to him by the appellant. But in considering the explanation of the appellant for the use of the words "For interest due on mortgage loan" the erasure by appellee tends to confirm appellant's version of the basis for the execution of the note and at the same time lessens the weight to be accorded appellee's contention that the note was given in exchange for a loan. Under the circumstances here, where the appellee's admitted erasure tends to corroborate the contention of the appellant that the note was not given for a debt but as collateral security, the judgment should be opened. See *Deviney v. Lynch,* supra.

Based on our review of the pleadings and an independent examination of the depositions, we are unable to agree with the conclusion of the court below that there is no merit in the petition to open. We are all agreed the ends of justice will best be served by opening the judgment and submitting the matter to a jury: cf. *Mielcuszny v. Rosol,* 317 Pa. 91, 94, 176 A. 236.

The order of the court below is reversed and the record remanded with directions that the judgment be opened and the defendant let into a defense; costs to abide the ultimate judgment.