## Bianco, Appellant, *v.* Pullo.

624

Argued March 21, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Romolo J. DiCintio,* with him *Edward W. Furia,* and *Furia & DiCintio,* for appellant.

*Arnold F. diSilvestro,* with him *diSilvestro & diSilvestro,* for appellee.

OPINION BY MONTGOMERY, J., June 15, 1961:

This is an appeal by Alice Bianco, plaintiff, from an order granting the prayer of garnishee's petition to show cause why judgment obtained by Alice Bianco against the garnishee by default should not be opened and the garnishee let into a defense.

The plaintiff, Alice Bianco, obtained a judgment against the defendant, Louis F. Pullo, an undertaker, entered September 15, 1954 in the amount of $1,787.63 on a judgment note given her by the defendant for a loan.

On May 21, 1954, said defendant instituted suit against Michelina Dramis, for alleged nonpayment of a funeral bill incurred because of the burial of her son. The defendant was represented by Albert S. Herskowitz, Esquire. No answer was filed by Michelina Dramis and Pullo obtained on June 15, 1954, a judgment in the sum of $1,094.32.

On September 15, 1954, the plaintiff, Alice Bianco, issued a writ of attachment execution naming Michelina Dramis as garnishee. Interrogatories were filed on October 14, 1954, and on August 17, 1956, judgment was entered against Michelina Dramis in the sum of $1,787.63 for failure to file answers to the interrogatories. Michelina Dramis died on September 24, 1956, and Alexander Morrone was appointed executor of her estate.

On June 3, 1957, the executor filed a petition and rule to show cause why the judgment entered against the decedent should not be opened, alleging fraud committed by Pullo who had received payment in full from Michelina Dramis. Plaintiff Alice Bianco, the judgment creditor of Pullo, intervened to oppose the rule. Depositions were taken of Pullo who testified that he had in fact been paid in full but that he had deceived his attorney, Mr. Herskowitz, and obtained a loan through Herskowitz on the strength of the lawsuit instituted against Michelina Dramis. He testified that he later confessed the deception to Herskowitz and made some efforts to repay Herskowitz.

On November 3, 1960 the lower court ordered the discharge of the rule to open judgment entered by Pullo against Michelina Dramis because of the fact that Pullo

was a confessed perjurer and the court was of the opinion that it was the duty of Attorney Herskowitz who had been deceived by Pullo, immediately upon learning the true facts to take affirmative action to cause the judgment to be stricken rather than stand by and attempt to recoup his own loss.

On November 29, 1960, the executor filed a petition to open the judgment entered against the garnishee and on December 1, 1960, filed a separate petition to strike off the judgment. The lower court entered an order making absolute the rule to open judgment and directing the garnishee to file an answer to interrogatories giving as its sole reason for doing so the fact it felt that the garnishee's estate would be unduly penalized if the judgment in the sum of $1,787.63 is permitted to stand in view of the fact that the maximum actually owed is $1,094.32. The executor has, since the taking of this appeal, filed his answer to the interrogatories wherein he denies that any sum whatsoever was owing to the defendant by the garnishee at the time the writ of attachment was served.

The Pennsylvania Rules of Civil Procedure provide that if a garnishee within the time allowed fails to file an answer to interrogatories endorsed with notice to plead, the prothonotary, on praecipe of the plaintiff, shall enter judgment in favor of the plaintiff and against the garnishee in the same amount as the judgment of the plaintiff against the defendant, together with interest and costs. Pa. R. C. P. No. 1277(a); No. 3102. Under strict enforcement of the rule, the default judgment must be entered in the full amount of the plaintiff's judgment against the defendant; however, where it is clearly established, as it is in this case by the record itself, that strict meaning of the words of the rule would be inequitable and lead to an injustice, the lower court has the right to refuse to enforce the rule. Procedural rules are not ends in themselves

but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives. *McKay v. Beatty,* 348 Pa. 286, 35 A. 2d 264. Obviously, in this case strict enforcement of the rule would lead to undue hardship upon one party and to the unjust enrichment of the other. Default judgments against garnishees may be opened for good cause. *Best TV, Inc. v. Simberg,* 390 Pa. 142, 134 A. 2d 886.

Plaintiff contends that the executor is guilty of laches because of the long delay between the time judgment was entered and the time the petition to open judgment was filed. There is no merit to this contention. Michelina Dramis died only a few weeks after judgment was taken against her and the executor only discovered the judgment when he attempted to sell real estate owned by the decedent. Also the record discloses that during the years from 1957 when the original petition to open judgment against Pullo was filed, until August, 1960 when hearing on the petition was finally held, the plaintiff was taking advantage of her position by pursuing other similar and fraudulent judgments which Pullo had obtained against other persons whom he had similarly victimized. During this period, the plaintiff was apparently holding the judgment in this case in reserve and only tried to expose it when her similar attempts against others had failed. Any delay on the part of the executor certainly did not injure the plaintiff.

A delay which does not do injury, does not furnish reason for relief and makes the doctrine of laches inapplicable. *Randall's Estate,* 341 Pa. 501, 19 A. 2d 272; *Gribben v. Carpenter,* 323 Pa. 243, 185 A. 712.

The plaintiff further contends that the lower court did not exercise its discretion properly in opening plaintiff's judgment against the garnishee. Petitions to open judgments by default are addressed to the tri-

al court's sound discretion. Relief will be given only where such petition is promptly filed, and default reasonably explained or excused, and a defense shown to exist on the merits. *Pinsky v. Master*, 343 Pa. 451, 23 A. 2d 727; *Fuel City Mfg. Co. v. Waynesburg Products Corporation*, 268 Pa. 441, 112 A. 145.

We find all these conditions to be fulfilled in the present case. The alleged tardiness has been disposed of above. The default has been reasonably explained if not excused entirely in that Michelina Dramis was an illiterate who was completely duped by Pullo. All the papers served upon her which gave rise to these proceedings were given by her to Pullo who, of course, did not explain to her their nature or import. Rather, he lulled her into a sense of security with the assurance that he was attending to these matters. And finally there is certainly a defense shown on the merits. The plaintiff is seeking to enforce this judgment acquired by default against Michelina Dramis, is in effect taking advantage of the fraud perpetrated by Pullo. Her actual claim is for monies due her by Pullo and she now contends that having failed in her efforts to collect directly from Pullo and finding no assets, she will now enforce Pullo's fraudulent judgment and recoup the monies she loaned to Pullo by penalizing an innocent person who is a party to these proceedings only through fraud, deceit and trickery. Equity cannot give approbation to such an unconscionable result.

It was the lower court's finding that if the garnishee owed the plaintiff anything, the maximum sum possible would be $1,094.32. Under the circumstances presented here the garnishee is not in debt to the plaintiff in any amount. The garnishee and his decedent never owed Pullo anything except the funeral bill which had been paid. The judgment which Pullo obtained against Michelina Dramis and which was the basis for the plaintiff's garnishment proceedings re-

sulting in the judgment at issue was entirely fraudulent.

In the exercise of its discretion, it is for the trial judge sitting as Chancellor to determine the weight of the evidence and the credibility of witnesses and there is no abuse of this discretion unless the law is overridden or misapplied, the judgment exercised is manifestly unreasonable, or there is evidence of partiality, prejudice, bias or ill will. *Mielcuszny v. Rosol,* 317 Pa. 91, 176 A. 236. None of these are present in this case. Without such clear abuse of discretion, the order of the lower court will not be reversed on appeal. *Poelcher v. Poelcher,* 366 Pa. 3, 76 A. 2d 222; *Berkowitz v. Kass,* 351 Pa. 263, 40 A. 2d 691.

Order affirmed.

---

CONCURRING OPINION BY FLOOD, J.:

I concur in the opening of this judgment but only to the extent indicated in Judge BURCH's opinion below. Judgment was entered against the garnishee in the defendant's suit against her only in the amount of $1,094.32. The opinion of the majority assumes the fraudulent character of this judgment of the defendant against the garnishee. However, a petition by the executor of the garnishee's estate to open that judgment upon the ground of fraud was discharged by the lower court on November 3, 1960.

In his opinion discharging the rule to open defendant Pullo's judgment against the garnishee, Judge BURCH said that the evidence of fraud came from tainted sources. An appeal from the order of Judge BURCH refusing to open this judgment was taken to this Court but on January 14, 1961, it was withdrawn. It has therefore become res judicata that there was no fraud proved against the defendant in obtaining his judgment against the garnishee. Therefore it cannot be attacked

collaterally. *Shaffer v. Hebenstreit,* 119 Pa. Superior Ct. 159, 180 A. 725 (1935). Consequently the garnishee's representative has no standing to attack the judgment against her by Pullo in this suit by Bianco against Pullo. Such cases as *Renschler v. Pizano,* 329 Pa. 249, holding that the judgment in the suit against the defendant may be attacked by the garnishee on the ground of fraud are confined to cases such as claims for indemnity, where the garnishee was not a party to the judgment which is being attacked as fraudulent. This is not the case here. The garnishee's attack upon the judgment in the suit in which it was rendered having failed, we are bound to recognize it as binding upon him here.

The only issue remaining before us is whether the default judgment entered in favor of the plaintiff against the garnishee should be reduced to the amount of the judgment of the defendant Pullo against the garnishee. I am in agreement with the court below that the amount of the judgment should be so reduced. I concur that the judgment in this case against the garnishee should be opened for that purpose.

WRIGHT, J., joins in this opinion.