## Goodfriend v. Diamond Chemical Co., Inc.

*L. Kattelman,* for plaintiff.

*Burton M. Satzberg,* for defendant.

*Herbert L. Floum,* for garnishee.

BOYLE, J., July 14, 1961.—This is an appeal from an order making absolute a rule to open a default judgment entered against a garnishee for failure to file a report.

On December 20, 1960, plaintiff, Jerome Goodfriend, instituted an action in foreign attachment against Diamond Chemical Co., Inc., defendant, and Peak Cleaners & Dyers, garnishee.

The sheriff's return made by H. Goodfriend, Deputy Sheriff, states:

"Attachment as commanded 12-23, 1960 . . . in the presence of Mr. Melnick, a creditable person of the neighborhood, attaching and declaring that I attached all goods and chattels, lands and tenements, moneys, credits, legacies, and interests of the within named defendant in the hands, possession or control of Peak Cleaners Garnishee."

Attached also was an unsworn affidavit by H. Goodfriend that he duly served upon Peak Cleaners a copy of plaintiff's complaint by handing a true copy to Mr. Melnick, the manager, at 3500 North Ninth Street, Philadelphia.

On February 9, 1961, plaintiff entered judgment against the garnishee for failure to file a report and damages were assessed in the sum of $1,096.25. On March 10, 1961, Meyer Mednick, trading as Peak Cleaners and Dyers, filed a petition and rule to show cause why the judgment should not be opened and the

garnishee permitted to file a report. The petition avers that while petitioner was absent from business because of illness, one William Mooney, an employe, purchased from plaintiff, a salesman for defendant, without authority and under suspicious circumstances, $1,100 worth of merchandise, an amount far beyond petitioner's needs and far beyond the usual and ordinary purchases of goods of that nature; that petitioner had no knowledge of the purchase and, when the merchandise was delivered, Mooney caused it to be stored in a remote part of the building; that thereafter Mooney hid the writ of foreign attachment and the complaint in a rear drawer of his desk and then left petitioner's employ and has disappeared; that the first notice of the transaction received by petitioner was on February 10, 1961, when he received a letter from plaintiff's attorney notifying him that judgment had been entered; that immediately upon learning of the deception practiced upon him, petitioner communicated with Diamond Chemical Company, offering to return the merchandise, but this request was refused, and Diamond Chemical Company instituted a separate suit against him in the Municipal Court as of December term, 1960, no. 9023-C, and thus petitioner is faced with the prospect of paying twice for goods which he had not ordered.

Plaintiff filed an answer to garnishee's petition, and depositions were taken which, in our opinion, fully support the averments of the petition to open judgment. No counter depositions were taken on behalf of plaintiff, although he was the salesman who dealt with Mooney, the garnishee's disloyal employe. The testimony of Meyer Mednick throws great suspicion on the entire transaction, but no testimony was given by plaintiff to establish that it was, in fact, a bona fide transaction.

Petitioner does not attack the sheriff's return, the validity of the service or the jurisdiction of the court. The petition is addressed to the equitable powers of the court to grant relief and to permit him to file a report which would establish a defense: Minetola v. Samacicio, 399 Pa. 351, 354. Where a default judgment is entered against a garnishee for failure to file a report, a court should not hesitate to exercise its discretion to grant relief where equitable circumstances exist, since the garnishee becomes liable to *plaintiff* on a cause of action to which he is a stranger and where, in fact, he may not be indebted to *defendant:* Bianco v. Pullo, 195 Pa. Superior Ct. 623.

We are of the opinion that equitable circumstances do exist in this case. The garnishee's testimony establishes that he had no knowledge of the writ of foreign attachment or plaintiff's complaint against defendant until after default judgment was entered against him.

Defendant, Diamond Chemical Company, Inc., has instituted an action against him, and he has filed an answer. That case is at issue and, until it is tried, the question of whether the garnishee is, in fact, indebted to defendant cannot be determined.

An examination of plaintiff's complaint against Diamond Chemical Company, Inc., discloses that there are two counts. The first count seeks to recover unpaid commissions estimated at $590. The second count seeks to recover $450 for loss of earnings for a period of three weeks after the Diamond Chemical Company, Inc., terminated his employment as a salesman. The claim in the second count is untenable on its face. The exhibit attached to the complaint shows that the employment was not for a fixed period. Hence, it is terminable at will: Fawcett v. Monongahela Railway Co., 391 Pa. 134, 139. Thus, the inclusion of the item of $450 in the assessment of damages is improper.

We believe that equitable considerations require that the judgment against the garnishee should be opened and the garnishee be permitted to file a report.