CULPEPPER, Judge.
The plaintiff, Barnett Home Appliance Corporation, obtained a judgment in the First City Court of New Orleans against the defendant, Henry A. Guidry, Jr., in the principal sum of $507.72. Plaintiff then filed the present garnishment proceedings in the Sixteenth Judicial District Court for the Parish of St. Martin, alleging that the garnishee, Henry A. Guidry, Sr., is indebted to the defendant or has property belonging to him. The garnishee failed to answer the interrogatories within 15 days, as required by LSA-C.C.P. Article 2412. Plaintiff then filed a contradictory motion, LSA-C.C.P. Article 2413, against the garnishee for the amount of the unpaid judgment. From an adverse judgment on the contradictory motion, the garnishee appealed.
At the hearing on the contradictory motion, the garnishee was represented by counsel. The only defense urged was that the garnishee was not the judgment debtor’s employer. On appeal, the garnishee also urges, for the first time, simply by argument in his brief, that the garnishment is a nullity because the record before us does not contain proof that a writ of fieri facias was issued to the sheriff or that a notice of seizure was served on the garnishee.
Applicable here are the following articles of our Code of Civil Procedure:
“Art. 2411. Garnishee; effect of service
“The judgment creditor, by petition and after the issuance of a writ of fieri facias, may cause a third person to be cited as a garnishee to declare under oath what property he has in his possession or under .his control belonging to the judgment debtor and in what amount he is indebted to him, even though the debt may not be due. He may require the third person to answer categorically and under oath the interrogatories annexed to the petition within the delay provided by Article 2412.
“The seizure shall take effect upon service of the petition, citation, and interrogatories.”
“Art. 2412. Method of service; delay for answering
“The sheriff shall serve upon the garnishee the citation and a copy of the petition and of the interrogatories, together with a notice that a seizure is thereby effected against any property of or indebtedness to the judgment debtor.
“Service shall be made in the manner provided for service of citation, except that if the garnishee is an individual, service must be personal. If the garnishee has concealed or absented himself with the purpose of avoiding personal *136 service, the court may order that service he made in any other manner provided by law.
“The garnishee shall file his sworn answers to the interrogatories within fifteen days from the date of service.”
“Art. 2413. Effect of garnishee’s failure to answer
“If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest and costs.
“Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.
“Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney’s fees for the motion.”
The record shows that after an original and supplemental petition and several continuances, the plaintiff complied with the provisions of Articles 2411 and 2412, quoted above, except that there is no proof in the record that a writ of fieri facias was issued by the clerk of court to the sheriff or that a notice of seizure was served by the sheriff on the garnishee. Plaintiff alleges in its supplemental petition that a writ of fi. fa. was issued by the clerk of the Sixteenth Judicial District Court to the sheriff of St. Martin Parish, but there is no return on the fi. fa. or other proof in the record that it was issued. Furthermore, there is no return by the sheriff of any notice of seizure to show that such a notice was served on the garnishee in compliance with Article 2412, quoted above.
The record also shows that the garnishee failed to answer the interrogatories within 15 days from date of service. Plaintiff then filed a contradictory motion as provided by Article 2413, quoted above.
Under the express provisions of Article 2413 the garnishee’s failure to answer constituted “prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest and costs.” At the hearing, the garnishee had the burden of proving that he had no property of and was not indebted to the judgment debtor.
The garnishee admitted at the trial that the judgment debtor, his son, worked in the garnishee’s automobile repair shop and performed work on automobiles which the garnishee had contracted to repair. The garnishee attempted to show that he had never paid the judgment debtor any wages and said he had never filed an income tax withholding form for his son. After hearing all of this evidence, the district judge correctly concluded that the garnishee had failed to sustain his burden of proving that he was not indebted to his son for wages to the extent of plaintiff’s judgment. The issue is factual and depends largely on the credibility of the garnishee. We find no manifest error in the trial judge’s conclusion.
We will next consider the garnishee’s contention that the judgment of garnishment must be set aside because the record before us does not contain proof that a writ of fi. fa. was issued or that a notice of seizure was served on the gar *137 nishee, as required by Articles 2411 and 2412, quoted above. The contradictory motion is in the nature of a rule to show cause, which is a summary proceeding, LSA-C.C.P. Article 2592. In a summary proceeding, by a rule to show cause, exceptions must be filed prior to the time assigned for the trial. An answer is not required, except as otherwise provided by law not applicable here, but of course the defendant in rule must urge at the trial any defenses which he ordinarily would allege in an answer. See LSA-C.C.P. Article 2593.
The lack of a writ of fi. fa. or of a notice of seizure are objections which the garnishee should have urged by exception filed prior to the contradictory motion, under penalty of waiver, LSA-C.C.P. Article 2593. We express no opinion as to whether the exceptions would have been good if filed. We hold only that these objections are not properly presented.
It would be undesirable to allow a garnishee who fails to urge such objections in the trial court to wait and do so by brief in the appellate court. The reasoning given under LSA-C.C.P. Article 2593, Official Revision Comment (e), although on a different type of exception, is applicable here. We quote this reasoning as follows:
“(1) an appeal should be a review of the proceedings below, and if this issue was not presented to the trial judge, it should not be considered on appeal; (2) the rule throws an unnecessarily heavy burden upon the appellate courts, as it forces them to determine issues which were never presented to the trial courts; (3) there is no basis for different rules on the same subject; and (4) the rule militates against the expeditious settlement of the controversy, which is the very object of summary procedure. For these reasons, this article requires a defendant in a summary proceeding to urge his objections to the use of summary process by the dilatory exception filed prior to the commencement of the trial, under penalty of waiver, whether he appears at the trial or not.”
The garnishee also argues that, even assuming a writ of fi. fa. and a notice of seizure were properly issued and served, the district court erred in rendering judgment against the garnishee for the full amount owed by the judgment debtor. The garnishee contends that even accepting a view of the evidence most favorable to the plaintiff, defendant is only a wage-earning employee of the garnishee. Hence, the most the court could do is find the amount of wages and fix a portion, which is not exempt, to be paid by the garnishee. See LSA-R.S. 13:3921 et seq. Similarly, the garnishee argues that the district court judgment should describe the property of defendant in garnishee’s possession, citing LSA-C.C.P. Articles 2413 and 2415.
The answer to this argument is that under the express provisions of LSA-C.C. P. Article 2413 the failure of the garnishee to timely answer the interrogatories “is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.” The burden was on the garnishee to prove that the amount of property of or indebtedness to the judgment debtor was less than the full extent of the judgment. The garnishee introduced no evidence whatsoever in this regard. The presumption provided by Article 2413 must therefore be applied.
The garnishee also urges certain procedural defects in the pleadings and exhibits. He says that certain provisions of LSA-C.C.P. Articles 891, 853 and 863, as to designation of the pleadings, appropriate indication of parties, address of the attorney, etc., were not followed. Clearly, these are also objections which should have been raised by exception filed prior to the hearing on the contradictory motion. Any such objections .have now been waived for the same reasons set forth above with reference to the writ of fi. fa. and notice of seizure.
*138 For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the garnishee appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.