324 So.2d 105 (1975)
Eduardo ESPINOSA et al., Appellants,
v.
Alfred Robert RACKI, a Minor, by and through His Father and Next Friend, Alfred R. Racki, and Alfred R. Racki, Individually, Appellees.
No. 75-84.
District Court of Appeal of Florida, Third District.
December 23, 1975.
Rehearing Denied January 22, 1976.
*106 Stephens, Magill, Thornton & Sevier, Miami, for appellants.
Robert M. Sussman, Hialeah, and Larry Schatzman, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendants appeal an order denying their motion to vacate final judgment pursuant to RCP 1.540(b).[1]
As a result of injuries sustained in an automobile-motorcycle collision, plaintiff, Alfred Racki, on July 19, 1974 filed suit against Angel Espinosa, the operator of the automobile at the time of the accident, Eduardo Espinosa, its owner, and Resources Insurance Company, the liability insurer. A copy of the complaint and summons was mailed to the New York office of defendant Resources which then assigned the case to its Florida adjuster, Rocky Kuznik of General Insurance Adjusters, which was employed by Resources to help handle its backload of claims. Upon his first notice of the claim on August 16, Mr. Kuznik immediately contacted plaintiff's attorney and at the attorney's request sent a copy of the insurance coverage on the condition that he forward to Mr. Kuznik plaintiff's medical records. In addition, Mr. Kuznik noted this file in his diary, obtained a statement from Eduardo Espinosa and sent out a witness statement to an independent witness whose testimony was favorable to the defense.
Plaintiff's attorney did not forward the medical records of plaintiff to Mr. Kuznik, and on September 12 filed without notice a motion for default against the defendants for their failure to file a responsive pleading to the complaint. The motion was granted and on November 5 the trial court entered a final judgment in the total sum of $42,000. Having received notice of the judgment for the first time on December 13, Resources shortly thereafter filed an answer which alleged a meritorious defense and a motion to vacate the final judgment. The primary grounds for the motion to vacate was that (1) plaintiff's attorney had failed to send the medical records as agreed, and (2) Mr. Kuznik used a diary system to keep abreast of the many files in his office and in addition to a large volume of cases and an administrative backup, the diary in which he entered the file in this cause disappeared. In January 1975 a hearing was held on this motion and the trial judge denied it.
The policy in Florida in setting aside defaults in order to permit a trial upon the merits is one of liberality and the *107 facts of each case are of singular importance in determining whether or not relief under RCP 1.540(b) should be granted. See Imperial Industries, Inc. v. Moore Pipe & Sprinkler Co., Fla.App. 1972, 261 So.2d 540 and Edwards v. City of Fort Walton Beach, Fla. 1972, 271 So.2d 136.
We find that the failure of plaintiff's attorney to forward the medical records as agreed, the disappearance of the diary, the large volume of cases, and the fact that Resources Insurance Company in January 1975 was adjudged insolvent thereby making Eduardo and Angel Espinosa liable for the $42,000 judgment (without having their day in court), to be sufficient grounds to set aside the judgment. Cf. Edwards, supra.
Accordingly, the order denying the motion to vacate is reversed and the cause remanded to the trial court for further proceedings.
NOTES
[1] "Rule 1.540. Relief from Judgment, Decrees or Orders.

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ..."