PER CURIAM.
We affirm the judgment under review upon a holding that the trial court properly refused to set aside the defendants’ default where the motion seeking such relief consisted of mere representations of counsel unsupported by proof showing any excusable neglect, T.I.E. Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697 (Fla. 3d DCA 1981); Williams v. Stack, 366 So.2d 872 (Fla. 4th DCA 1979); where these naked allegations showed only that the defendants ignored the complaint served upon them, Cricket Club, Inc. v. Basso, 384 So.2d 908 (Fla. 3d DCA 1980); John Crescent, Inc. v. Schwartz, 382 So.2d 383 (Fla. 4th DCA 1980); B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980); and where, even had excusable neglect been shown, the defendants’ conclu-sory allegation that they had “serious and valid defenses” to the complaint was insufficient to show a meritorious defense, Perry v. University Cabs, Inc., 344 So.2d 914 (Fla. 3d DCA 1977); Claffey v. Serafino, 338 So.2d 270 (Fla. 2d DCA 1976).
Affirmed.