504 So.2d 490 (1987)
Ray E. BUFFINGTON, Appellant,
v.
Steve TORCISE and South Dade Realty, Inc., a Florida Corporation, et al., Appellees.
Nos. 86-162, 86-743.
District Court of Appeal of Florida, Third District.
March 24, 1987.
Joyce M. Siemon and Jay Rothlein, North Miami Beach, for appellant.
Paul G. Fletcher, Homestead, and Giselle D. Lylen, Walton, Lantaff, Schroeder & Carson and Gregory J. Willis, Miami, for appellees.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
Buffington appeals from the trial court's order striking his complaint, dismissing his lis pendens, and entering a default against him on Torcise's counterclaims and from the entry of a default judgment for Torcise in the amount of $44,555.50. We find the appellant's contentions, as they relate to the entry of the court order, to be without *491 merit. Since the trial court did not abuse its discretion in striking Buffington's pleadings, Fla.R.Civ.P. 1.380(d); see Mercer v. Raine, 443 So.2d 944 (Fla. 1983); cf. Wallraff v. T.G.I. Fridays, Inc., 490 So.2d 50 (Fla. 1986) (trial court may impose discovery sanction without violation of direct court order), dismissing the lis pendens, see § 48.23(3), Fla. Stat. (1985), or in entering a default against Buffington, see Fla.R. Civ.P. 1.500, we affirm the order under review.
We find merit, however, in Buffington's contention that the trial court erred in entering a final default judgment without holding a hearing to determine the actual damages Torcise suffered. Torcise, by the very nature of his claims, rejected the existence of a valid contract. Furthermore, though Buffington was deemed to have admitted all of the information in Torcise's requests for admission as a result of Buffington's failure to reply, see Fla.R. Civ.P. 1.370(a), those requests did not pertain to the validity of the contract. Finally, the trial court's order dismissing the lis pendens and its entry of a judgment for Torcise on his counterclaims was tantamount to a holding that the lease-option contract was invalid. Therefore, the trial court erred in awarding damages based upon the liquidated damage clause within that invalid contract.
The amount of damages suffered by Torcise were not otherwise determinable based upon "an arithmetical calculation or by application of definite rules of law" and were, therefore, unliquidated. Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 662 (Fla. 5th DCA 1983). When a claim involves unliquidated damages "[a] defaulting party has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of [those] damages." Bowman, 432 So.2d at 663; Fla.R.Civ.P. 1.440(c); see also L.B.T. Corp. v. Camacho, 429 So.2d 88 (Fla. 5th DCA 1983); B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980). Consequently, the trial court erred in entering a final default judgment without first holding a hearing and allowing Buffington to present evidence on the issue of damages.
Accordingly, we reverse the final default judgment and remand for a determination of actual damages[1]; in all other respects, we affirm.
NOTES
[1] South Dade Realty, a third-party defendant to the action below, was voluntarily dismissed with prejudice by stipulation of the parties. That dismissal has not been appealed and is unaffected by our decision.