WALDEN, Judge.
This is an appeal from an order denying appellant’s motion for relief from a default judgment and discharging appellant’s lis pendens. We reverse and remand.
On April 5, 1984, appellees Tartan-Laver Delray, Inc., etc., plaintiffs below, obtained a default final judgment in the amount of $4,869,807.05 plus interest against appel-lees International Tennis Resort, Inc., International Tennis Clubhouse, Inc., and N. Frank Fogazzi, defendants below. The final judgment stated in part that copies of the order scheduling trial had been furnished to the above named defendants at the addresses provided by their prior counsel at the time of counsel’s withdrawal from the case, and, notwithstanding such notice, defendants failed to appear at trial. The final judgment listed counsel who were to receive copies, including Vincent Zenga, Esquire, as resident agent for International Tennis Resort, Inc.
On October 17, 1984, Tartan-Laver Del-ray, Inc., filed a motion for garnishment after judgment against Foxbridge, Inc., commanding it to answer. The motion did not contain a certificate of service. On October 26, 1984, the clerk of the court issued a writ of garnishment commanding the sheriff to summon garnishee Foxbridge by serving Vincent Zenga, as its resident agent. On November 15, 1984, plaintiffs filed a motion for default and on November 20, 1984, a default was entered against Foxbridge for failure to serve a pleading. On September 10, 1985, a final default judgment was entered against garnishee Foxbridge in the amount of $4,860,169.08 plus interest. A copy of the final default judgment was sent to Vincent Zenga as resident agent for Foxbridge.
On July 30, 1986, appellant Foxbridge filed a motion for relief from judgment on the basis of mistake, inadvertence, excusable neglect or fraud. The motion alleged that Zenga had notified Tartan-Laver that he could no longer represent Foxbridge and could no longer accept service for them. The motion further alleged that although Zenga instructed Tartan-Laver how to reach Foxbridge, Inc., Foxbridge was not notified by either side of the litigation. The motion also alleged improper notice by publication and fraudulent misrepresentation. On September 29, 1986, Tartan Gulf Coast Development Corporation, as assign-ee of Tartan-Laver, filed a motion for emergency hearing on Foxbridge’s motion for relief from judgment. Foxbridge received only one day’s notice for the hearing, which was insufficient notice for Fox-bridge to arrange to have its Canadian clients present at the hearing. After the hearing, the trial court denied Foxbridge’s motion for relief from judgment and dissolved its lis pendens.
We find that, under the particular facts of this case, the trial judge abused his discretion in refusing to set aside the final default judgment. It has long been the policy of the courts of this state to liberally set aside defaults for failure of a defendant to plead so as to allow a determination of the controversy on the merits when the defendant demonstrates that his neglect was excusable and that he has a meritorious defense. See, e.g., Clark v. Roberto's, Inc., 320 So.2d 870, 871 (Fla. 4th DCA 1975). In its motion for relief from judgment, Foxbridge alleged both excusable neglect and a meritorious defense.
It is well established that courts have considerable discretion in deciding whether to set aside defaults prior to judgment, and are encouraged to exercise that discretion so that controversies may be resolved on their merits. Crawford v. American Household Storage Company of Florida, Inc., 509 So.2d 1358, 1359 (Fla. 4th DCA), rev. denied, 518 So.2d 1274 (Fla.1987).
The trial judge was presented with facts which exposed an inequity in the final default judgment entered against the garnishee much like that in United Presidential Life Ins. v. King, 361 So.2d 710 (Fla.1978), where, on similar facts, the Flor *1257 ida Supreme Court found an abuse of discretion.
When faced with a situation where a garnishee has defaulted because of failure to receive notice, trial judges should keep in mind that the garnishee is not an original debtor. Judgment creditors derive their right to proceed against a garnishee only by virtue of the fact that the garnishee holds money or property owed to the judgment debtor. Trial judges should exercise their discretion in such a way as to insure that the judgment creditor receives no greater rights against a garnishee than would have been available to the judgment debtor in a proceeding against the garnishee. Reeves v. Don L. Tullis and Assoc., Inc., 305 So.2d 813 (Fla. 1st DCA 1975). In the present case, the garnishee clearly did not have actual notice of the proceedings against it. When the trial judge was presented with facts which made it appear inequitable to enforce the final judgment against the garnishee, he should have exercised his discretion and set aside the final judgment pursuant to Fla.R,Civ.P. 1.540.
Id. at 713. See also, Adams v. ICMA Retirement Corporation, 452 So.2d 1001 (Fla. 1st DCA 1984). Similarly, by not acting to relieve the inequity apparent in this judgment, where the garnishee did not have actual notice of .the garnishment proceedings against it, the lower court abused its discretion.
Accordingly, we reverse and remand with directions for the trial court to dissolve the default, set aside the final judgment, reinstate appellant’s lis pendens and allow further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
DOWNEY and GUNTHER, JJ., concur.