559 So.2d 670 (1990)
Carl TAND, Appellant,
v.
C.F.S. BAKERIES, INC., Appellee.
No. 89-1529.
District Court of Appeal of Florida, Third District.
April 3, 1990.
Mark R. Vogel and Craig Z. Sherar, Miami, for appellant.
Rosenfeld & Stein and Alexander Rosenfeld, North Miami Beach, for appellee.
*671 Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
PER CURIAM.
The defendant, Carl Tand, appeals an order denying his motion to set aside judgment. We reverse and remand.
On September 17, 1986, C.F.S. Bakeries, Inc. [CFS] filed a four count complaint alleging various causes of action for goods sold and delivered, including account stated, open account and unjust enrichment. The original complaint listed David Dickerson d/k/a Specialty Bakery Food Products a/k/a Specialty Bakery as the sole defendant. Attached thereto as Exhibit A was the Affidavit of Claim of James Japczyk, which stated that Mr. Japczyk was the comptroller of CFS, and that Specialty Bakery owed CFS the sum of $7,219.06.
On November 4, 1986, CFS filed an amended complaint without having filed a motion for leave to amend and without serving Mr. Dickerson. The amended complaint mirrored the original complaint except that it dropped Mr. Dickerson as a party and substituted Carl Tand d/b/a Specialty Bakery Food Products a/k/a Specialty Bakery as the defendant. The amended complaint makes reference to an Exhibit A, but no exhibit was attached thereto, nor was the exhibit to the original complaint incorporated by reference. A default was entered by the clerk of the court on December 9, 1986. A default final judgment awarding damages and attorney's fees was entered by the lower court on January 28, 1987. However, no motion for entry of final default judgment nor notice of hearing was provided to either the court or Tand.
On April 21, 1989, Tand moved to set aside the judgment. The verified motion alleged that Tand first became aware of the default final judgment in December 1988. Tand discovered the judgment during the course of other legal proceedings. Further, Tand affirmatively stated that he neither received notice, nor had any actual knowledge of the hearing for entry of the final default judgment. CFS presented no evidence or testimony to contradict the verified motion. The trial court denied the motion to set aside the judgment and Tand appealed.
There is nothing on the record that reflects that CFS' damages were liquidated. Liquidated damages are damages that are based upon "an arithmetical calculation or by application of definite rules of law". Buffington v. Torcise, 504 So.2d 490 (Fla. 3d DCA 1987) (quoting Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 662 (Fla. 5th DCA 1983)). Therefore, CFS' damages were unliquidated.
When a claim involves unliquidated damages "[a] defaulting party has a due process entitlement to notice and an opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of [those] damages." Buffington v. Torcise, 504 So.2d 490 (Fla. 3d DCA 1987) (quoting Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 663 (Fla. 5th DCA 1983)); Fla.R. Civ.P. 1.440(c). In the instant case, Tand did not receive notice of a hearing or trial to determine actual damages. Therefore, the trial court erred in denying his motion to set aside the final default judgment. Accordingly, we set aside the final default judgment and remand for a determination of actual damages.