SCHWARTZ, Chief Judge.
Pursuant to section 828.073, Florida Statutes (1989), the Metro-Dade Police Department seized allegedly neglected or mistreated domestic animals from their owner, the appellant, Pet Fair, Inc. Metro turned them over for care and treatment to the appellee, the Humane Society. The county court then found on disputed evidence in favor of Pet Fair, that it was in fact able adequately to provide for the animals. Therefore, pursuant to 828.073(4)(a)l,[1] it was ordered that
the animal[s] shall be returned to the owner upon payment by the owner for the care and provision for the animal[s] while in the agent’s or officer’s custody.
However, Pet Fair apparently could not but, in any event, did not pay the sum required for the Society’s expenses and did not reclaim its property. The Humane Society thus remained in their possession and then disposed of them in accordance with its usual practice by putting them up for “adoption.” Nevertheless, the appellee Society sued Pet Fair and secured a judgment from the circuit court for the expenses. We reverse.
It is apparent that there is no lawful basis upon which the recovery secured below can be sustained. Under the applicable provision of 828.037(4)(a)l, an owner which has successfully shown its ability to care for its animals may get them back, if it pays for the expenses duly incurred during their retention by the authorities. In this case, however, Pet Fair, in effect, chose not to “buy back” its property, so that the condition of such a purchase was never fulfilled. It is plainly contrary to the terms of the statute, and even more obviously to common sense, to permit the Society both to keep the animals as “improved” by its expenditures and to recover the costs themselves from the owner — particularly when, as here, the pets had been involuntarily (and as it turned out, unjustly) taken in the first place. See 3A C.J.S. Animals § 341 (1973) (“The right of the poundkeeper to his fees may be lost ... where [he] fail[s] to proceed with his duties in the statutory manner_”).
Apparently the appellee proceeded under the provision in 828.073(4)(c)3 that
the court may require that the owner pay for the care of the animal while in the custody of the agent or officer.
Unfortunately, that remedy is available only
[u]pon the court’s judgment that the owner of the animal is unable or unfit to adequately provide for the animal.
§ 828.073(4)(c), Fla.Stat. (1989) (emphasis supplied). Because just the opposite occurred here, the subsection relied upon obviously has no applicability whatever.
*409 Although this issue was not directly raised by Pet Fair either below or on appeal, the award of a judgment which has no legal foundation — when, in other words, the plaintiff has recovered upon a nonexistent right — constitutes fundamental error which we are required to notice and correct. Stevens v. Allegro Leasing, Inc., 562 So.2d 380 (Fla. 4th DCA 1990); Marks v. Delcastillo, 386 So.2d 1259, 1267-68 (Fla. 3d DCA 1980), review denied, 397 So.2d 778 (Fla.1981); Keyes Co. v. Sens, 382 So.2d 1273, 1276 (Fla. 3d DCA 1980).
Accordingly, the judgment below is reversed and the cause remanded with directions to dismiss the complaint.
Reversed.

. 828.073(4)(a)l provides:
(4)(a) The officer or agent of any county or of any society or association for the prevention of cruelty to animals taking charge of an animal as provided for in this section shall provide for the animal until either:
1. The owner is adjudged by the court to be able to provide adequately for, and have custody of, the animal, in which case the animal shall be returned to the owner upon payment by the owner for the care and provision for the animal while in the agent’s or officer’s custody.