ROTHENBERG, J.
Merrill Lynch & Co., Inc. (“MLC”) appeals from a final default judgment in favor of Valat International Holdings, Ltd. (“Valat”), and a non-final order denying its Florida Rule of Civil Procedure 1.540(b) motion for relief from the default judgment. We reverse.
In a separate proceeding, Valat obtained money judgments against three foreign corporations from El Salvador that failed to repay loans made by Hamilton Bank, Valat’s predecessor in interest. The three corporate loans were personally guaranteed by four individual members of the Safie family (“the Safie defendants”) who, along with the three corporations, were also judgment debtors.
In an effort to collect on its previous judgments, Valat served a series of writs of garnishment on a number of banks and other financial institutions. In December 2006, Valat served three writs on MLC. Valat also served nearly identical writs of garnishment on the Royal Bank of Canada (“RBC”) around that time. The writs listed the three corporate defendants and all of the Safie defendants as judgment debtors. MLC did not answer the writs within the required twenty-day period. See § 77.04, Fla. Stat. (2006) (stating that a properly served writ requires the garnishee to serve an answer on the plaintiff within twenty days after service of the writ). Accordingly, Valat obtained a clerk’s default on January 17, 2007.
On January 18, MLC filed a belated answer denying indebtedness to any judgment debtor, and denying possession or control over any judgment debtor’s property. Valat filed a reply to MLC’s answer, maintaining that MLC’s answer was untimely. However, Valat also argued that MLC was indebted to Olok Holdings, Inc. (“Olok”), and although Olok was not listed in the writs, MLC knew or should have known that Olok was 100% controlled by a Safie defendant who was listed in the writs.
In February 2007, MLC filed a surreply refusing to freeze the Olok account because Olok was not a listed judgment debt- or. Most of the funds in Olok’s Merrill Lynch Pierce Fenner & Smith, Inc. (“MLPFS”) account, which Valat argued was controlled by MLC, were then withdrawn. In May 2007, the circuit court handling the RBC garnishment proceedings, ruled that Olok was the alter-ego of one of the Safie defendants, and that the writs served upon RBC (which were nearly identical to those served upon MLC) re *705 quired the turnover of the funds in Olok’s RBC account.
In September 2007, Valat moved for the entry of final default judgment against MLC. The trial court granted the motion and entered a final default judgment against MLC in the amount of approximately $1.3 million. The trial court denied MLC’s motion for rehearing. MLC’s motion to set aside the final default judgment pursuant to Florida Rule of Civil Procedure 1.540(b) was also denied. These consolidated appeals followed.
Although MLC failed to demonstrate excusable neglect, MLC argues that it was entitled to relief from the final default judgment because the trial court granted affirmative relief to Valat that went beyond the scope of the allegations contained in the writs. We agree.
Where neither the allegations in a writ of garnishment, nor the substantive law applicable to the writ, support the relief granted to the garnishor in a final default judgment against the garnishee, the garnishee’s motion to vacate that judgment must be granted. See See. Bank, N.A. v. BellSouth Adver. & Publ’g Corp., 679 So.2d 795, 803 (Fla. 3d DCA 1996); see also Becerra v. Equity Imps., Inc., 551 So.2d 486, 488 (Fla. 3d DCA 1989) (“A default judgment should be set aside where the complaint on its face fails to state a cause of action.”). Despite MLC’s failure to demonstrate excusable neglect, the issue presented in the instant appeal is cognizable on a rule 1.540(b) motion. Bell-South, 679 So.2d at 803.
In this case, the trial court held MLC liable for failing to garnish approximately $1.3 million that MLC allegedly held on behalf of Olok. However, it is undisputed that Olok was not mentioned in any of the writs served upon MLC, the writs did not suggest that MLC held accounts for any alter-ego of the named judgment debtors, and the writs did not allege that MLC had knowledge that Olok and any of the judgment debtors were one and the same. By opting to move for the entry of final default judgment more than seven months after MLC’s answer, Valat accepted the risks associated with being limited to the allegations contained on the faces of the writs. The writs were the only pleadings properly before the trial court. However, the trial court summarily accepted that Olok was the alter-ego of one of the Safie defendants although no such allegation appeared on the face of the writs, and the alter-ego adjudication reached in Valat’s garnishment proceeding against RBC involved different parties in a separate proceeding.[1] This was error. Accordingly, because Valat failed to point to any persuasive principle of substantive law equating MLC’s alleged obligation to Olok, an unnamed corporation, with an obligation to a named judgment debtor, we reverse the trial court’s denial of MLC’s motion for relief from the final default judgment, vacate the final default judgment, and remand for further proceedings consistent with this opinion.
Reversed.

. On appeal, Valat argues that the May 2007 alter-ego adjudication in Valat's garnishment proceeding against RBC relates back to the February 2007 withdrawal from Olok’s MLPFS account and had res judicata effect over the instant proceeding between Valat and MLC. We disagree. The doctrine of res judicata cannot be employed to bar the re-litigation of an issue reached in a previous case where identity of the parties to the two cases is lacking. See, e.g., Johnson v. Young, 964 So.2d 719, 721 (Fla. 3d DCA 2007).